Philbrook *v.* Handley.

GEORGE W. PHILBROOK *versus* SIMON HANDLEY.

On the trial of an action on the case, brought by a creditor, under the provisions of Rev. Stat. c. 148, § 49, against a person for aiding the debtor in the fraudulent concealment or transfer of his property, to prevent it from being attached or seized on execution, such debtor is a competent witness for the plaintiff.

THIS was an action on the case, against the defendant for aiding one Alexander Barstow to secrete and secure certain personal property, with a view to defeat and delay his creditors.

After the introduction of other evidence the plaintiff called Barstow as a witness. He was objected to, as the report of the trial before WHITMAN C. J. states, on the ground of interest, but no evidence of his interest was offered, except that he was the debtor in the plaintiff's execution against him, which the recovery by the plaintiff might be held to satisfy partially or wholly. And with a view to reserve the question for the consideration of the whole Court, the presiding Judge rejected the witness. A nonsuit was ordered, to be set aside, and the cause sent to a jury for trial, if in the opinion of the Court Barstow was a competent witness.

*Ruggles,* for the plaintiff, contended that Barstow was a competent witness. The objection is, that he was the debtor of the plaintiff, and that if the plaintiff recovers against Handley, whatever is paid by him on that judgment will go to pay Barstow's debt to Philbrook. But if Handley pays Barstow's debt, Barstow will be liable to account to Handley for so much as he pays; and thus Barstow's interest is balanced. Barstow could not say, after procuring Handley to aid him in an act which rendered Handley liable to pay the debt of Barstow, that the act was unlawful or fraudulent.

The statute authorizing this action, is not a penal statute. A statute providing a penalty for doing an act is held to be prohibitory of the act, and the act thereby becomes unlawful, and no action will lie between the parties for indemnity, or contribution. As this statute is not a penal one, and therefore not prohibitory, Handley could recover of Barstow whatever sum he was bound to pay of Barstow's honest debts.

That the sum recovered in such action on this statute goes in payment of the debt due to the creditor, results from the construction given to the statute by this Court. To carry out that construction in harmony with its interest, it would be necessary to allow the defendant to have an action against the debtor for paying his debt. Unless the debtor could be a witness for the plaintiff, the statute would be but a dead letter, for in nearly all the cases, an action like the present one, could not be maintained without him. The legislature, therefore, in passing the law, must have understood, that the debtor was a competent witness.

But if Barstow had an interest, he was admissible from the necessity of the case. From the very nature of the transaction, no other person would be likely to know all the facts; and a recovery could not ordinarily be expected without his testimony. The feelings of the witness would be generally adverse to the plaintiff, and in favor of the party aiding him; and there could be no danger in his being admitted as a witness for the plaintiff. 2 Stark. Ev. 753; 1 Greenl. Ev. § 460.

*Wells*, for the defendant, said this was an action for assisting the proposed witness in concealing his property from his creditors, under Rev. Stat. c. 148, § 49. This is seeking to recover the debt of the proposed witness from the defendant.

The payment of the debt by the defendant operates as an extinguishment of his claim against the witness. *Quimby* v. *Carter*, 20 Maine R. 218. The debt of the witness is paid and gone, and he has a direct interest to have the plaintiff recover.

If it should be said, that it is the satisfaction of the judgment, and not the judgment alone, which extinguishes the debt, and if it be so, still the interest is direct to have the plaintiff recover. It is enabling him to take the first step to obtain satisfaction, and without it, satisfaction could not be had. The case of *Paine* v. *Hussey*, 17 Maine R. 274, is in principle directly in point. The interest of the proposed witness in the present case is no more contingent than in that.

It is said, that the interest of Barstow is balanced, because,

if the defendant pays the debt to the plaintiff, that payment will enable him to recover back the same sum of the witness. The ground of recovery in the present action is, that the witness and defendant have violated a law of the State. The parties are equally in fault, and the payment by the defendant, would not enable him to recover against the witness.

The opinion of the Court was drawn up by

SHEPLEY J. — The only question presented in this case is, whether Alexander Barstow was a competent witness for the plaintiff. Having recovered a judgment against Barstow, upon which an execution had issued, and a return had been made upon it of *nulla bona* by an officer, the plaintiff commenced an action upon the case, against the defendant for knowingly aiding and assisting Barstow in the fraudulent concealment or transfer of certain personal property, to secure the same from creditors and prevent its attachment or seizure upon execution. The action is founded upon the forty-ninth section of the stat. c. 148, which provides, that a person so conducting shall be liable to any creditor for double the amount of the property, not exceeding double the amount of the creditor's debt. Barstow was called as a witness, to prove, that the defendant knowingly aided him in such a fraudulent concealment or transfer of property ; and for the purpose of presenting the question for deliberate consideration, the witness was excluded, and a nonsuit was ordered.

The same question has since been presented in the action of *Aiken* v. *Kilburn*, pending in the county of Franklin.

In an action on a statute containing similar provisions it was decided, that recovery and satisfaction of the judgment against one thus aiding a debtor would operate *pro tanto* to extinguish the original debt. The thirty-fourth section of the statute, c. 148, provides, that such shall be the effect of the satisfaction of a judgment obtained against one, who has aided a debtor to conceal or dispose of property disclosed by him as a poor debtor.

If Barstow should be admitted to testify in this case, and

should thereby enable the plaintiff to recover a judgment against the defendant, and that judgment should be satisfied, he would be benefitted thereby to the extent, to which the plaintiff's judgment against him would be extinguished. For the defendant could in such case have no legal claim to recover from Barstow, the amount paid to the plaintiff, they being in that transaction, each of them a *particeps fraudis.* But Barstow may not be benefitted by a judgment recovered by the plaintiff against the defendant. For the plaintiff's right to collect his debt of him, will remain unimpaired, until he has obtained satisfaction of the defendant, which he may never do, although there be no particular reason to believe, that he will not do it. The question to be decided then is this, whether one who is liable to pay a debt, may, by his testimony as a witness, cause another who would on payment of it have no claim upon him, to become liable to pay the same debt.

The rule is admitted to be well established, that a witness so situated is competent to testify in actions of tort. One co-trespasser is a competent witness to establish the plaintiff's right to recover damages of another co-trespasser. *Morris* v. *Daubigny,* 5 J. B. Moore, 319. And yet a satisfaction of the judgment thus recovered, will operate to relieve the witness from his liability to make compensation for the same injury. The recovery of a judgment against a person other than the present debtor, without satisfaction of it, is but an additional security for the debt or claim, except in actions of trespass or trover for goods, in which the judgment operates as a transfer of the property to the defendant. *Broome* v. *Wooton,* Yel. 67, note 1, by Metcalf; *Drake* v. *Mitchell,* 3 East, 251; *Campbell* v. *Phelps,* 1 Pick. 62.

It is quite clear, that a witness so situated may testify, either in an action of tort or of contract, under a strong bias and expectation of benefit to be derived from his testimony; and equally clear, that he can have no certain interest in the event of the suit; for he may never be relieved or benefitted in any way by enabling the plaintiff to recover judgment. As the rule of evidence requires, that the witness should have a cer-

tain and not a contingent interest in the event of the suit to be excluded on the ground of interest, it would seem, that he might, upon principle, be considered competent; and the credibility of his testimony be submitted to the jury. While, however, there does not appear to be any difference of opinion or any conflict in the decided cases, that a witness so situated is competent to testify as a witness for the plaintiff, in actions *ex delicto,* there is found to be a very serious and obstinate one respecting his competency in actions *ex contractu.* The question was presented in an action *ex contractu* before the Supreme Court of the United States, in the year 1831, and the report states, that the Court being divided in opinion respecting it, came to no conclusion. *Winship* v. *The Bank of the United States,* 5 Peters, 529. It was presented before the court in Massachusetts during the following year, and that court decided, that the witness was competent. *Eastman* v. *Winship,* 14 Pick. 44. It was presented before the court in New York in the year 1839, and that court came to the conclusion, that the witness was incompetent. *Collins* v. *Ellis,* 21 Wend. 397.

Mr. Justice Cowen supposed, that he might have noticed and examined, in an opinion drawn by him in that case, all the decided cases bearing upon the question; and yet the case of *Eastman* v. *Winship,* does not appear to have been noticed.

In the present case the action is in form *ex delicto,* and according to the decided cases, the witness should be considered competent. And yet he is not presented as a witness usually is, when held to be competent in actions *ex delicto,* who being himself a wrongdoer, and as such liable to the plaintiff, testifies that another person is also equally liable. For although the defendant and the proposed witness were joint perpetrators of the alleged fraud, the statute does not make the debtor liable therefor to the creditor, in the same manner as it does the defendant who aided him.

The case of *Paine* v. *Hussey,* 17 Maine R. 274, cited in the argument, differed essentially from this case. The witness

excluded in that case was "bound to pay the execution" to be issued on the judgment to be recovered in that suit; and was therefore directly and certainly interested in the event of the suit. The indorser of a writ, when called as a witness for the plaintiff, has also a direct and certain interest in the event of the suit. Being liable to pay costs to the defendant, if he prevails and does not collect them of the plaintiff, if he enables the plaintiff by his testimony to recover, he is certainly and forever discharged from that liability. That liability was indeed contingent; but there is an important difference between an absolute discharge from a contingent liability, and a contingency, whether the witness will or not derive any benefit from the event of the suit.

Although the position of the witness in this case was such, that it might justly have a strong influence to impair the credibility of his testimony, he does not appear to have had such a certain interest in the event of the suit as would exclude him.

*Nonsuit taken off, and the action to stand for trial.*